IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOROTHY PETERSON                     *
                                     *
                                     *
v.                                   *  Civil Action No. WMN-15-3151
                                     *
SERVIS ONE, INC. d/b/a               *
BSI FINANCIAL SERVICES               *
                                     *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM

Before the Court is a Motion to Dismiss filed by Defendant
Servis One, Inc., d/b/a BSI Financial Services (BSI).  ECF No.
6.[1]  The Motion is ripe.  Upon review of the papers and the
applicable case law, the Court determines that no hearing is
necessary, Local Rule 105.6, and that the motion should be
granted.

Plaintiff Dorothy Peterson purchased a home (the Property)
in May of 2007 utilizing a mortgage loan funded by the Bank of
America.  Shortly thereafter, Plaintiff experienced financial
difficulties, defaulted on the mortgage loan, and, on or about
November 13, 2008, filed for bankruptcy under Chapter 7 of the
Bankruptcy Code.  Pl.'s Bankr. Pet., ECF No. 6-4.  On February
25, 2009, the Bankruptcy Court granted Plaintiff a discharge.

---

[1] Also pending is Plaintiff's Motion to Disregard a Portion of
Defendant's Reply Brief in Support of its Motion to Dismiss (ECF
No. 16), or in the Alternative, Motion to Accept a Brief
Surreply.  ECF No. 23.  Because this motion is not relevant to
the ground on which the Court is granting Defendant's motion to
dismiss, this motion will be denied as moot.

Pl.'s Bankr. Discharge Order, ECF No. 6-5.  In her Complaint, Plaintiff acknowledges that this discharge had the effect of discharging her liability under the Bank of America mortgage loan.  <u>See</u> ECF No. 2 ¶ 14.

On or about December 4, 2014, Bank of America sold its security interest in the Property to Ventures Trust 2013-1-H-R (Ventures Trust).  Ventures Trust retained Defendant BSI to act as its authorized mortgage servicer.  Plaintiff alleges that, since BSI assumed that role, it undertook various actions to enforce Ventures Trust's interest in the Property, including making false reports to credit bureaus and hiring law firms to commence foreclosure proceedings.  As the central focus of her Complaint, Plaintiff asserts that BSI took these actions notwithstanding its knowledge that Ventures Trust was not a licensed collection agency and/or licensed mortgage lender. Plaintiff concedes, however, that BSI is a duly licensed collection agency.  Compl., ECF No. 2 ¶ 3.

Plaintiff brought this suit in the Circuit Court for Baltimore City and named BSI as the only defendant.  The Complaint includes the following counts: Count I, a request for a declaratory judgment and injunctive relief; Count II, a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et seq.</u>; and Count III, which includes claims for violations of the Maryland Consumer Debt Collection Act (MCDCA),

Md. Code Ann., Com. Law §§ 14-201 et seq., and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law §§ 13-101 et seq. Plaintiff also seeks to bring this as a class action on behalf of those persons in Maryland with whom BSI has communicated for the purpose of collecting a consumer debt on behalf of Ventures Trust (the Class). Compl. ¶ 52.

Each of these claims is based upon and wholly dependent upon Plaintiff's contention that Ventures Trust should have been licensed under the Maryland Collection Agency Licensing Act (MCALA), Md. Code. Ann., Bus. Reg. §§ 7-101 et seq., but was not so licensed. In Count I, the declaration that Plaintiff seeks is that BSI is not entitled to collect against any member of the Class on behalf of Ventures Trust while Ventures Trust "is acting as an unlicensed collection agency," Compl. ¶ 70, and the injunction for which Plaintiff prays is one enjoining BSI from attempting to collect any sums from Class members since Ventures Trust "is operating as a collection agency and/or mortgage lender without a mandatory license." Id. ¶ 72. In Counts II and III, Plaintiff asserts that BSI violated federal and state statutes by making false statements to credit bureaus and initiating foreclosure proceedings. The falseness of those statements and the impropriety of the foreclosures, however, in Plaintiff's view all stem from Ventures Trust's unlicensed status. See, e.g., id. ¶ 19 (asserting that communications

regarding foreclosure were false and misleading since Ventures Trust, as an unlicensed collection agency, had no right to pursue legal action); see also, id., passim.  In its Motion to Dismiss, BSI characterized each of Plaintiff's claims as premised on the conclusion that Ventures Trust should have been, but was not, licensed as a collection agency, ECF No. 6-2 at 7, and nowhere in Plaintiff's Opposition to that motion does she contest that characterization.

Defendant BSI timely removed this action to this Court and filed the pending motion to dismiss.  In its motion, BSI asserts that the Complaint must be dismissed for the primary reason that, since all claims turn on the issue of whether Ventures Trust should have been licensed and, for whatever reason, Plaintiff did not name Ventures Trust as a defendant, the case is not presently justiciable.  Defendant BSI suggests that Rule 19 of the Federal Rules of Civil Procedure, as well as due process, mandate that Ventures Trust must be a part of this action if it is to go forward.

Rule 19 provides in pertinent part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is

so situated that disposing of the action in the person's absence
may: (i) as a practical matter impair or impede the person's
ability to protect the interest . . . ." Fed. R. Civ. P.
19(a)(1)(A) and (B) (emphasis added). Defendant BSI notes that
Ventures Trust clearly has an interest in this litigation and
that Ventures Trust's ability to protect that interest would
clearly be impaired by a ruling in Plaintiff's favor in this
litigation. Ventures Trust has property interests in Maryland
that it contracted with Defendant BSI to service and protect.
Plaintiff is seeking a declaration and injunction that would
prohibit BSI from servicing those interests. It is hard to
imagine how Ventures Trust's interests could be more directly
impacted.

In opposing BSI's motion, Plaintiff focuses exclusively on
subparagraph (A) of Rule 19(a)(1), arguing that Ventures Trust
is not a "Required Party" because she can obtain complete relief
in this action as she is seeking relief only from BSI. ECF No.
9 at 12 n.8 ("The relief sought by Peterson in this action is
directed solely at BSI."). While that may be true, the
opposition ignores the concern of subparagraph (B) of Rule
19(a)(1), i.e., the protection of the interests of the absent
party.[2] Plaintiff also makes no argument that Ventures Trust is

---

[2] The Court notes that Plaintiff's narrow focus may be due, in
part, to the fact that Defendant's motion cited only to

not subject to service of process or that its joinder would

deprive the Court of subject matter jurisdiction.  In fact,

Plaintiff has requested, should the Court conclude that Ventures

Trust is a necessary party, that she be permitted leave to amend

her Complaint to add it as an additional party.  ECF No. 9 at 14

n.9.

The only other argument made by Plaintiff directly

addressing Ventures Trust's status as a necessary party is her

contention that, at the motion to dismiss stage, the Court must

simply accept the well pled "fact" in the Complaint that

Ventures Trust is an unlicensed collection agency.  Id. at 12.

Although for the purposes of a motion to dismiss the district

court must take all of the factual allegations in the complaint

as true, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation."  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 554 (2007).  Whether Ventures

Trust is a collection agency subject to the requirements of the

MCALA is, of course, a legal not a factual issue and,

---

subparagraph (A).  See ECF No. 6-2 at 6.  Defendant's argument,
however, clearly identified the protection of Ventures Trust's
interest as the reason it is a required party in this action.
Id. ("Venturess Trust has a clear interest in defending against
her claims that it violated MCALA's licensing requirements, and
because the relief Ms. Peterson seeks would bar BSI from
servicing and protecting Venturess Trust's mortgage interest in
the Property, Venturess Trust has a constitutional Due Process
right to be given notice of this action and an opportunity to be
heard in it.").

furthermore, it is a legal issue in which Ventures Trust has a
primary interest in resolving.

To bolster her position that this is, nonetheless, a
resolved legal conclusion, Plaintiff cites to decisions of a
Maryland state trial court holding that Ventures Trust was an
unlicensed collection agency.  ECF No. 2, Compl. ¶¶ 46-49
(citing Shanahan v. Marvastian, No. 39663V (Md. Cir. Ct. May 13,
2015 and Aug. 13, 2015) and Blackstone v. Sharma, No. 397954V
(Md. Cir. Ct. Aug. 28, 2015), Compl., Exs. 1-3).  Defendant BSI
notes that those decisions are on appeal, ECF No. 6-2 at 6-7
n.2, and Plaintiff acknowledges in her Opposition that they are
not binding authority on this Court.  ECF No. 9 at 10 n.5.
Furthermore, these decisions address situations where Ventures
Trust was collecting undischarged debts.  Neither these cases
nor any of the other cases cited by Plaintiff in her Opposition
present a situation like that presented here, where the debt of
the individual protesting the collection activity had been
previously discharged in bankruptcy and the interest purchased
was not a debt but an in rem mortgage security interest.

The Court will grant the motion to dismiss but will also
grant Plaintiff leave to amend the Complaint to add Ventures
Trust as a defendant, should she choose to do so.  The Court
notes that, in addition to Plaintiff's failure to join a
necessary party, Defendant BSI has also presented several other

7

alternative (and somewhat conflicting) reasons as to why

Plaintiff's claims should be dismissed:

> 1) The proper forum for determining the issue of whether Ventures Trust should have been licensed is the Maryland State Collection Agency Licensing Board (Licensing Board), not this court;

> 2) Plaintiff must first exhaust her claim before the Licensing Board before she is permitted to bring suit in this Court;

> 3) Under Burford v. Sun Oil Co., 319 U.S. 315 (1943), the Court should abstain from resolving this issue until such time as Plaintiff has invoked and exhausted the administrative remedies before the Licensing Board;

> 4) The MCALA does not provide for a private right of action;

> 5) Declaratory and injunctive relief is not available under the FDCPA, the MCDPA, or the MCPA;

> 6) Because Ventures Trust purchased an in rem mortgage security interest, and not a "debt," it was not a debt collector under the MCALA with respect to Plaintiff and Plaintiff has no standing to bring claims against BSI; and

> 7) BSI had no independent duty to investigate whether Ventures Trust was in compliance with the MCALA.

ECF No. 6-2 at 8-17.

The Court declines at this juncture to definitively address

these alternative arguments until such time as Ventures Trust is

made a part of this action, should Plaintiff choose to amend the

Complaint.  The Court notes, however, that in suits where the

alleged unlicensed collection agency has been named as a

defendant, this Court has previously addressed several of these

same arguments.  For example, in Bradshaw v. Hilco Receivables, LLC, this Court noted that, while there is no private right of action under MCALA, a violation of that state licensing law may give rise to a cause of action under the FDCPA, the MDCPA and the MCPA.  765 F. Supp. 2d 719, 728-33 (D. Md. 2011).  This Court has also held, however, that declaratory and injunctive relief are not available under these statutes.  Id. at 733.

A separate order granting Defendant's Motion to Dismiss will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: January 19, 2016